JAMES BURGOYNE AND DAVID K. S. BURCH, AP-
PELLANTS, v. JOHN MIDDLETON AND EDWARD H.
CLAGHORN, RESPONDENTS.

AUCTIONEER, SALE BY.—When an auctioneer sells a balance of goods, without
specifying their quantity, he has a reasonable time to ascertain it; when this is
done, and a bill of particulars is made out and delivered to the purchaser, who
pays the purchase money, or a portion of it, the contract becomes executed,
and the auctioneers will not afterwards be permitted to allege a mistake as to
the quantity.

APPEAL from the Superior Court of the City of San Fran-
cisco.

This action was brought by Burgoyne & Co. against Mid-
dleton & Claghorn, auctioneers for Fernandez & Peyton, to
recover from them the sum of $1,500 damages, by reason
of the non-delivery to them of 153 bags of coffee, purchased
by them on the 24th day of August, 1853, as per bill of
parcels furnished by defendants' clerk on the same day to
plaintiffs. On the day of sale, plaintiffs paid $500, and on
the 26th day of August tendered the balance of the pur-
chase money, and demanded the 153 bags of coffee, which
was refused by the defendants, they alleging that the pur-
chase by the plaintiffs was of the residue of the invoice
sold (and was so represented at the sale) supposed to con-
tain 200 bags, more or less; that the real quantity re-
maining was 53 bags; that a mistake had been made
at the sale in representing the lot as containing 200
bags, more or less, and afterwards by defendants' clerk in
making out the bill of parcels for 153.

On the trial the plaintiff gave in evidence the bill of par-
cels and other evidence tending to maintain the issue on
their part, and among other things, an advance in the price
of coffee, shortly after the sale. The defendants, on their
part, offered evidence to show that the sale was of no spe-
cific quantity; that there was a mistake in the representa-
tion at the sale and in making out the bill of parcels, to

the admission of which by the Court, the plaintiffs excepted as tending to alter and vary the bill of parcels, the written contract of sale.

The Judge charged the jury as follows:

"It is claimed by the plaintiffs that the bill of parcels was the contract of sale. I charge you it is not and was not not. The plaintiffs cannot recover in this action unless you believe that the defendants, at the time of the sale, offered and intended to sell 153 sacks."

The jury, under the charge of the Court as above given, retired, and afterwards returned into Court and stated their inability to agree, whereupon, on motion of defendants' counsel, the Court directed the jury that they should find a verdict for defendants, and a verdict was accordingly rendered for the defendants, and so recorded by the Clerk. The plaintiffs excepted to this direction of the Court.

*Burritt & Gorham,* for Appellants.

1st. The Court erred in admitting parol testimony to vary, alter and contradict the bill of parcels made out by the defendants' clerk. (Chitty on Contracts, p. 400, and notes.) Also, in admitting testimony to contradict the entry in the sales book to the effect that plaintiff had purchassd 153 bags coffee. (2 Maul. & Sel. 286; 11 Mass. 6; 5 Harr. & J. 117; 6 Ib. 249; 9 Met. 83, 87.)

2d. The Court erred in refusing the instructions prayed for.

3d. The Court erred in charging the jury that the bill of parcels did not constitute the contract, and that the plaintiff * could not recover; also, in directing the    [66] jury to find a verdict for the defendants, after they had stated that they could not agree.

*Wells, Haight & Gary,* for Respondent.

The sale was void as to any more than 53 bags, on the ground of mistake, as that was the whole balance. (Story

on Contracts, § 419, 420; *Lyon* v. *Flint, Peabody & Co.*, decided by this Court at this term.)

2d. Defendants are not personally liable, as they were merely auctioneers, agents for others, and disclosed their agency. (Story on Agency, § 263, 267, 107, 108; Smith's Mercantile Law, 144; 20 Wend. 431.)

3d. A plain and palpable mistake or ignorance of facts may be shown, to avoid a contract, and even to recover money paid. (Story on Contracts, § 409, 410; Story on Sales, § 145; 1 Story on Eq. Jur. § 140; 11 Pet. 63; 43 Eng. Com. Law Rep. 16; 1 Wend. 355; 20 Ib. 174; 2 Eng. Ex. 55; 2 Cush. 81; 9 Pick. 111; 10 Eng. Com. Law Rep. 199.)

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

When the bill of particulars was made out by the defendants and delivered to the plaintiffs, and the purchase money, or a portion of it, was paid, it was an executed contract, and the defendants were bound by it, and cannot be permitted to set up a mistake as to the quantity sold. Auctioneers who sell a balance without specifying quantity, have a reasonable time to ascertain it, and this being done and acquiesced in by the purchaser, it would be a dangerous rule to permit them to avoid their own deliberate act. Until an account is rendered of the quantity, the purchaser is completely within their power; and this power would be continued, if afterwards they were allowed to allege a mistake. If they chose to act in bad faith, they might take advantage of a rising or falling market, and increase or diminish the quantity accordingly. Besides this reason, the purchaser, after receiving the bill which is rendered, is presumed to act with reference to it, and to enter [67] *into other contracts, relying upon the faith of it.

Where a mistake occasions loss, it must be suffered by him who makes it.

The Court, therefore, erred in directing a verdict for the defendants.

The judgment is reversed, and the cause remanded.